UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSHUA COPENHAVER,

       Plaintiff,                            Case No. 05-CV-73286
                                                   HON. BERNARD A. FRIEDMAN
vs.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/


**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**I.    INTRODUCTION**

       This matter is before the Court on Plaintiff's Motion for Leave to Amend. Plaintiff files this Motion following the Court's Order in which it granted Defendants' Motion to Dismiss with respect to the claims filed against Defendants Burnett, Slagter, Gray, Beckwith, Caruso, and Stapleton, McLain, White, Frey, and Ahmed, denied Defendants Motion to Dismiss with respect to the exhausted claims filed against Defendants Miller, Johns, and Philips, and partially granted Defendants' Motion to Dismiss with respect to Defendant Ruben.

       Pro se Plaintiff Joshua Copenhaver is a Jewish inmate in the custody of the Michigan Department of Corrections and is confined to the Florence Crane Correctional Facility in Coldwater, Michigan. The Defendants are the Michigan Department of Corrections and fourteen of its agents and employees. The detailed facts and procedural history of this case have been recounted in many different opinions and reports and recommendations, and need not be

1

repeated here.

This is an action under 42 U.S.C. § 1983.  Plaintiff alleges a wide variety of statutory and constitutional violations under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc, and various provisions of the United States Constitution and the Constitution of the State of Michigan.  Every claim contained in Plaintiff's Amended Complaint centers around Plaintiff's right to freely exercise his religion.

Plaintiff seeks to amend his Complaint for a second time.  He wishes to introduce evidence regarding claims against Defendants which this Court has already dismissed, to again attempt to establish exhaustion of administrative remedies regarding claims previously raised, and to add new claims not previously raised.

## II.   ANALYSIS

Plaintiff's request to amend his Complaint to establish exhaustion of administrative remedies which he previously raised must be denied.  The Sixth Circuit has held that a prisoner may not amend a defective complaint to meet exhaustion requirements.  Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002). In *Baxter*, the Court stated that the time for proving exhaustion is with the filing of the initial complaint, explaining that "[t]he bar on amendment similarly serves the purpose of the heightened pleading requirement, permitting courts to assess the fundamental viability of the claim on the basis of the initial complaint.  The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement."  Baxter, 305 F.3d at 489.

In addition, Plaintiff may not amend his Complaint to raise new claims against either new defendants or defendants this Court previously dismissed.  Such amendments would violate the

RLUIPA, under which Plaintiff's Complaint is filed.  Id. at 490.

### III.  ORDER

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend his Complaint is DENIED.

Dated: October 5, 2006                       s/Bernard A. Friedman
                                             _____
       Detroit, Michigan                     BERNARD A. FRIEDMAN
                                             CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
        Patricia Foster Hommel
        Secretary to Chief Judge Friedman**