UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER, #240677

    Plaintiff,        Case No. 05-73286

v.                District Judge Bernard A. Friedman
                 Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants Ruben, Phillips, and Johns' Motion for Summary Judgment and to Dismiss Defendant Miller [Docket #66], filed on September 15, 2006, which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). I recommend that the motion for summary judgment be GRANTED as to Defendants Ruben and Johns, but DENIED as to Phillips. I recommend further that the motion to dismiss Defendant Miller be DENIED.

**I. BACKGROUND**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections [MDOC], has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc. The

Complaint arises out of allegations that the Defendants violated the Plaintiff's constitutional and statutory right to the free exercise of the Jewish religion by denying him and other Jewish inmates the ability to observe a Passover Seder, Rosh Hashanah and Chanukah. Plaintiff alleges various other incidents of Eighth Amendment violations.

On June 5, 2006, the undersigned filed a Report and Recommendation (R&R), recommending that the Complaint be dismissed in its entirety based on Plaintiff's failure to exhaust administrative remedies as to all claims and Defendants pursuant to *Jones Bey v. Johnson,* 407 F.3d 801 (6th Cir. 2005). On June 6, 2006, the Sixth Circuit effectively overturned *Jones Bey* by holding that the failure to exhaust all claims and Defendants does not subject the entire action to dismissal. *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006). Accordingly, the district court dismissed Defendants Burnett, Slagter, Gray, Beckwith, Caruso, Stapleton, McLain, White, Frey, and Ahmed without prejudice for failure to exhaust, but denied the motion to dismiss as to Miller, Ruben, Johns, and Phillips. *Docket #62*.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all

reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. ANALYSIS

### A. Terry Miller

Defendant Miller argues that he is entitled to dismissal on the basis that a Waiver of Summons, issued on or about September 14, 2005 for service by the U.S. Marshal, was returned unexecuted on October 31, 2005. Noting that more than 120 days have since elapsed, Miller contends that all claims against him should be dismissed. Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(m) states in pertinent part:

> "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

However, Fed. R. Civ. P. 4(c)(2), pertaining to service in the case of a plaintiff proceeding in forma pauperis, states:

> "[a]t the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 . . ."

This Court in fact ordered service by the U.S. Marshal in Plaintiff's case [Docket #4]. On October 31, 2005, a waiver of service as to Defendant Miller was returned unexecuted, along with a letter from the Litigation Coordinator at the M.D.O.C. facility

stating:

> "I am returning this to you as I am unable to accept service as he is not available. You may attempt service for T. Miller after December 6, 2005 at the same address as that is the expected return to work date." [Docket #24].

Plaintiff is not at fault for the failure of service under Rule 4(c)(2). The Court will therefore re-direct service on Defendant Miller by the U.S. Marshal. In addition, the Court will, by separate order, extend the time for service of the summons and complaint on Miller, pursuant to Rule 4(m).

Under these circumstances, the Motion to Dismiss Defendant Miller for lack of service should be denied.

### B. Marilyn Ruben

The Amended Complaint contains several allegations of constitutional violations by Defendant Ruben. *Docket #5*, ¶8. However, on August 16, 2006, the district found that the only exhausted claim "relates to an allegation that Defendant Ruben assigned at least one grievance filed by Plaintiff to be reviewed by the staff member grieved." *Docket #62* at 8. In conformance with that order, this Court will therefore consider only the exhausted claims against Ruben.

Defendant Ruben, Facility Manager at the Parnall Correctional Facility, acknowledges that she assigned Defendant Miller to investigate a grievance that had been filed against him. *Docket #66,* Exhibit 1. Docket #1, Exhibits 8, 9. She contends that although the assignment was a violation of MDOC policy, Plaintiff's allegations do not rise to the level of a constitutional violation.

The Step I response of Grievance SMT 04-07-1082 confirms that Defendant Miller, reviewing complaints made against him, conducted an interview of Plaintiff on August 17, 2004 in violation of Policy Directive ("PD") 03.02.130 which states that the subject of the grievance cannot also review the grievance. Docket #1, Exhibit 8. Miller denied the grievance. Plaintiff then pursued his claim to Step II of the grievance process, alleging that Miller improperly conducted a review of the complaints against him. Warden White, later issuing a Step II response, found that the Grievance Coordinator had been instructed not to assign grievances to "those being grieved." A Step III response, issued on March 31, 2005 indicates that the substance of the grievance against Defendant Miller (ethnic slurs) had been investigated then denied.[1]

MDOC's PD 03.02.130, "Prisoner and Parolee Grievances," provides in pertinent part:

> W. "Prisoners and staff who may be involved in the issue being grieved shall not participate in any capacity in the grievance investigation, review or response, except as necessary to provide information to the respondent."

Ruben's assignment of Defendant Miller to review his own alleged misdeeds, while clearly a violation of MDOC's Policy Directive, does not amount to a constitutional violation. First, pursuant to *Sweeton v. Brown,* 27 F.3d 1162, 1164 (6th Cir. 1994) prison regulations "do not create an independent federal due process liberty interest or right in the prisoner." *See also Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813

---

[1] The Court cannot address the substance of this exhausted claim against Defendant Miller since he has not yet been served. See Section **A.**, *supra*.

(1983).

Next, Step II and Step III responses show that Ruben's violation of the policy directive was acknowledged by reviewing staff. Further, any prejudice arising from Miller's review of the complaint against him was cured by the fact that Step II and III examiners independently reviewed the substantive accusations against Miller before denying the grievance.

Finally, Plaintiff's present allegation that his ability to grieve Miller was thwarted by Ruben also fails to the extent that it can be construed as a denial of access to the courts claim. In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered prejudice to his case as a result of the alleged denial. "In order to state a claim for interference with access to the courts a plaintiff must show actual injury.... '[T]he requirement that an inmate show actual injury derives from the constitutional principle of standing[ ]'." *Harbin-Bey v. Rutter* 420 F.3d 571, 578 (6th Cir.2005); *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey; Jackson v. Gill,* 92 Fed.Appx. 171, 173 (6th Cir.2004) (unpublished). Here, Plaintiff cannot show that Ruben's actions prejudiced his ability to prosecute his claims against Miller.

### C. David Phillips

Defendant Phillips, a Resident Unit Officer, denies the allegation that he threw a

padlock at Plaintiff. *Docket #66*; Exhibit 2 at ¶3; *Docket #6* at ¶12. He contends that the claim of physical assault is subject to dismissal on the basis that Plaintiff failed to exhaust his administrative remedies. Phillips, stating that he was unaware of any grievance from Plaintiff Copenhaver regarding these allegations, also denies ever assaulting Plaintiff.

**1. Exhaustion**

On August 12, 2006, the district court ruled that Plaintiff had exhausted allegations that Phillips "physically assaulted" him. *Docket #62* at 10. Defendants did not file a motion for reconsideration of that decision and the time allowed for filing such motion under Local Rule 7.1(g)(1) has long passed. Therefore, the district court's August 12, 2006 ruling is the law of the case.

In addition, Defendants' motion for summary judgment, filed prior to *Jones v. Bock,* --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), implicates Plaintiff's duty to submit proof that he has exhausted his administrative remedies (e.g. Defendant states at pg. 3 "Defendants are unable to determine what this grievance is about because Plaintiff did not submit the Step I form.") *Docket #66*. Defendant's entire argument is based on grievance documentation that Plaintiff attached to the Complaint. However under *Jones, supra*, 127 S.Ct at 921, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." To the extent that Defendants arguments are based on Sixth Circuit precedent, those cases have since been overruled by *Jones*. Following *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id*. at 921.

The only evidence submitted by Defendant Phillips with regard to exhaustion is ¶4

of his affidavit which states that he "was not made aware of any grievance from Plaintiff Copenhaver alleging that I assaulted him with a padlock on August 12, 2004." That statement appears to be contradicted by ¶4 of Plaintiff's own affidavit. *Docket #70*, Exhibit B.

While in his motion for summary judgment, Defendant complains of the legibility of the Step I grievance, he has not provided the court with legible copies of *any* grievances. Defendant states that the Step I grievance response does indicate "multiple issues." Was physical assault one of the "multiple issues" that was rejected? Under *Jones v. Bock*, it is the Defendant's burden to show that it was not.

### 2. Substantive Claim

Defendant Phillips has submitted a sworn affidavit, denying that he has ever "harassed or physically assaulted Plaintiff Copenhaver." Docket #66, Exhibit 2, at ¶3. However, Plaintiff has presented his own affidavit, stating that "on or about August 11, 2004, Defendant David E. Phillips, removed my padlock from forward section of bars, and threw the lock directly at my head. This padlock did make contact with my head." *Docket #70*, Exhibit B at ¶2.

The Eighth Amendment proscribes the infliction of cruel and unusual punishment upon prisoners. In order for a prisoner to establish an Eighth Amendment violation under § 1983, he must allege and prove an unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification. *See Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 346 (1981). Eighth Amendment claims must satisfy a

two-prong standard. First, the alleged wrongdoing must be "objectively harmful enough" to establish a constitutional claim (objective component). Second, the prison official must act with the requisite state of mind (subjective component). *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), citing *Wilson v. Seiter*, 501 U.S. 294, 298, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

The objective component is contextual and responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The Supreme Court has clearly held that "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated." *Id.* at 9. Therefore, a prisoner need not show a significant injury. *Id.; Moore v. Holbrook*, 2 F.3d 697, 701 (6th Cir. 1993) (citing *Hudson* to conclude that the extent of injuries does not provide a basis for dismissal).

The subjective component is evaluated by "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973), *cert. denied sub nom, John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). *See also Hudson*, 503 U.S. at 6-7 (extending *Whitley* to all cases of excessive force by prison officials). The factors to be considered when weighing the conduct of prison officials are: 1) the need for the application of force; 2) the relationship between the need for force and the amount used; and 3) the extent of the injury inflicted. *Whitley*, 475 U.S. at 321.

Plaintiff's allegation that Phillips hit him in the head with a padlock, apparently without penological justification, states a constitutional violation. Further, Phillip's affidavit that he did not commit the assault in question stands at odds with Plaintiff's own sworn statement, submitted with his response to the present motion. Where, as here, the motion essentially involves a credibility contest between the parties' versions of events as set forth in their affidavits, summary judgment is not appropriate, for "the court [can] resolve this dispute only be deciding to believe [defendant]'s affidavit rather than [plaintiff's] affidavit, and such a credibility determination is inappropriate in ruling on a motion for summary judgment." *Madewell v. Roberts,* 909 F.2d 1203, 1206 (8th Cir. 1990); see also, *Sheehan v. Beyer,* 51 F.3d 1170, 1177 (3d Cir. 1995). See generally, *Anderson,* 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Because "[t]he nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion," *Courtney v. Biosound, Inc.,* 42 F.3d 414, 418 (7th Cir. 1994), quoted with approval in *Thomas v. City of Alliance,* No. 94-3219, 1995 WL 236673, at *2 (6th Cir. Apr. 21, 1995) (unpub. op.), Defendant Phillips is not entitled to summary judgment based solely on his affidavit.

Moreover, claims against Phillips are not subject to dismissal on the basis of qualified immunity.[2] In addition to affirmative evidence supporting the existence of a

---

[2]Under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), a state official is protected by qualified immunity unless the Plaintiff shows (1) that the

constitutional claim, the right asserted presently is clearly established. "[B]y July 1990, it was well established in the Sixth Circuit that an assault violates a prisoner's Eighth Amendment rights where he can demonstrate that the infliction of pain was unnecessary and wanton." *Joplin v. Baylor,* 1993 WL 288299, 9 (6th Cir. 1993); *McHenry v. Chadwick,* 896 F.2d 184, 187 (6th Cir.1990). Likewise, Plaintiff's assertion that Phillips "threw the lock directly at my head" alleges objectively unreasonable conduct.

### C. Richard Johns

The Initial Complaint alleges that Defendant Johns, a Food Supervisor, threatened to take Plaintiff's food after he complained that a kosher menu item had not been included with his lunch. Docket #1 at ¶16.³ Plaintiff alleges that Johns' verbal abuse and harassment violate Religious Land Use and Institutionalized Persons Act ("RLUIPA").

"The threshold inquiry under RLUIPA is whether the challenged governmental action substantially burdens the exercise of religion. The burden of proving the existence of a

---

Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. In *Higgason v. Stephens*, 288 F.3d 868, 876-877 (6th Cir. 2002), the Sixth Circuit set forth a three-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) was there a violation of a constitutionally protected right; (2) was that right clearly established at the time; and (3) has the plaintiff alleged and shown by sufficient evidence that what the official allegedly did was objectively unreasonable?

³The Amended Complaint also states that Johns "threatened to take his food away from him." Plaintiff's response to the present motion alleges for the first time that Johns threatened to place him in segregation. *Docket #70*, pg 16 of 50. Since this allegation is unstated in either the Initial or Amended Complaint, it will not be addressed here.

substantial interference with a religious exercise rests on the religious adherent." *Baranowski v. Hart,* 486 F.3d 112, 124 (5th Cir. 2007); 42 U.S.C. § 2000cc-2(b). "RLUIPA prohibits any government from imposing a 'substantial burden on the religious exercise' of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest." *Porter v. Caruso,* 479 F.Supp.2d 687, 697 (W.D.Mich.2007); 42 U.S.C. § 2000cc-1(a). In May, 2005, *Cutter v. Wilkinson,* 544 U.S. 709, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005), reversing the Sixth Circuit, found that the portion of RLUIPA applying to institutionalized persons does did not violate the establishment clause.

"In applying the statutory definition to the facts at hand, this Court recognizes that there is no question that the practice of 'keeping kosher' constitutes a religious exercise for various sects of the Jewish faith." *Guzzi v. Thompson,* 470 F.Supp.2d 17, 25 (D.Mass.2007). However, in the present case, Johns' apparent refusal to supply a kosher salad at one meal does not impose a substantial burden on Plaintiff's religious exercise. *See Kretchmar v. Beard,* 2007 WL 2050878, *1-2 (3rd Cir. 2007)("a non-rotating menu of cold food items to accommodate" the plaintiff's request for a Kosher diet "survives constitutional scrutiny."). Further the dietary claims under RLUIPA which have survived summary judgment allege ongoing, rather than isolated deprivations of kosher food. *See Wolff v. NH Dept. of Corrections*, 2007 WL 586687, *3 (D.N.H. 2007)(Plaintiff lost 49 pounds after being deprived of a kosher diet for several months). Moreover, Johns' accompanying threat to take away Plaintiff's food, establishes neither a substantial burden under RLUIPA nor an Eighth

Amendment violation. "Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights." *Clark v. Turner,* No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec.13, 1996). I note that Plaintiff was apparently allowed to finish his meal, absent a salad. Therefore Johns' alleged threats, standing alone, are subject to dismissal.

### IV. CONCLUSION

I therefore recommend that the motion for summary judgment be GRANTED as to Defendants Ruben and Johns, but DENIED as to Phillips. I recommend further that the motion to dismiss Defendant Miller be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 26, 2007.

s/Susan Jefferson  
Case Manager
