UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

               Plaintiff,                       No.  05-73286

-vs-                                      District Judge Bernard A. Friedman

MICHIGAN DEPT. OF CORRECTIONS,     Magistrate Judge R. Steven Whalen
et.al.,

               Defendants.

_____ /

**ORDER**

Before the Court are Defendants' Motion to Stay Discovery [Docket #74] and Plaintiff's Discovery Motion for Access to Records [Docket #78].

On August 17, 2006, the Court granted in part and denied in part a defense motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. §1997e(a), based on failure to exhaust administrative remedies. On October 5, 2006, the Court vacated a previously entered stay of discovery, ordering discovery to proceed within 30 days as to remaining Defendants Ruben, Phillips, Miller and Johns. [Docket #71].

Defendants responded to the Plaintiff's document requests, stating in large part that they were vague, overbroad, and beyond the scope of the Court's October 5th discovery order. Plaintiff did not at that point file a motion to compel, but rather submitted a second request for production.

Defendants also filed a motion for summary judgment, which included the issue of qualified immunity. Based on the pendency of the qualified immunity issue, along with their claim that the second document requests were still vague, overbroad, and beyond the scope of the discovery order, the Defendants have again moved to stay discovery. Plaintiff has

filed a "Discovery Motion for Access to Records," which will be construed as a motion to compel discovery.

On August 20, 2007, the District Judge, adopting my Report and Recommendation, granted summary judgment in favor of Defendants Ruben and Johns, and denied summary judgment as to Defendant Phillips. Defendant Miller's motion to dismiss was denied, but Miller has not been served. Thus, the only Defendant to whom the discovery order applies is Phillips, and discovery may proceed as to him. However, the Plaintiff's second request for production of documents must be reformulated to request only material relevant to the claim against Phillips.[1]

Accordingly, Defendant Phillips' motion to stay discovery [Docket #74] is DENIED.

Further, Plaintiff's motion to compel discovery [Docket #78] is GRANTED as to Defendant Phillips only. Plaintiff shall re-craft his document requests to encompass only material relevant to his claim against Defendant Phillips, and serve them within 30 days of the date of this Order. Defendant Phillips shall serve a response to the document requests within 30 days after they are served on him.[2]

---

[1]Plaintiff brings an Eighth Amendment claim against Phillips based on the allegation that Phillips threw a padlock at him, hitting him in the head.

[2]A review of the Plaintiff's second document requests and the Defendants' responses suggests that certain objections are likely to recur. Without foreclosing legitimate *relevant* requests or preempting legitimate objections, some judicial guidance may obviate those objections. For example, the Defendant's response to the request for policy and procedure material directs the Plaintiff to the prison law library. Under Fed.R.Civ.P. 34(b)( i ), this is an improper response that places an undue burden on this *pro se* Plaintiff to sift through volumes of regulations in order to determine what is pertinent. ("A party who produces documents for inspection shall produce them as they are kept in the usual course of business *or shall organize and label them to correspond with the categories in the request*")(emphasis added).

The Court also notes that Plaintiff's second document requests #7 and #8 are virtually incomprehensible as written. Finally, to reiterate, all of Plaintiff's requests must be restricted to the claims against Defendant Phillips.

SO ORDERED.

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  September 10, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 10, 2007.

S/G. Wilson
Judicial Assistant