UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER, #240677

      Plaintiff,                               Case No. 05-73286

v.                                        District Judge Bernard A. Friedman
                                           Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Relief from Judgment [Docket #86], in which he seeks reinstatement of previously dismissed Defendants Burnett, Slagter, Gray, Beckwith, Caruso and Stapleton. For the reasons set forth below, I recommend that Plaintiff's Motion be DENIED.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on August 26, 2005 [Docket #1], and his First Amended Complaint on September 23, 2006 [Docket #6], naming as Defendants the MDOC and its following employees: Dave Burnett, Patricia Caruso, Mary Gray, Paul Slagter, Linda

---

[1]Because this is a post-judgment matter, I must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

Beckwith, Richard Stapleton, Terry Miller, Marilyn Ruben, Steven McLain, Harold White, David Phillips, Martin Frey, Sal Ahmed and Richard Johns. The Complaint arises out of allegations that these Defendants violated the Plaintiff's constitutional and statutory right to the free exercise of the Jewish religion by denying him and other Jewish inmates the ability to observe a Passover Seder, Rosh Hashanah and Chanukah. Plaintiff also alleges that he was denied kosher meals.

On August 17, 2006, the Court granted a motion to dismiss as to Defendants Burnett, Slagter, Gray, Beckwith, Caruso and Stapleton, dismissing those Defendants without prejudice, based on the Plaintiff's failure to demonstrate that he had exhausted prison administrative remedies. *See* Opinion and Order, Docket #62. This order was based on then-existing Sixth Circuit precedent that required a plaintiff to plead and substantiate exhaustion in his or her complaint. On January 22, 2007, the Supreme Court overruled those cases in *Jones v. Bock,* --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

## II. DISCUSSION

Plaintiff moves to set aside this Court's Opinion and Order of August 17, 2006, and reinstate certain Defendants who were dismissed on the basis of non-exhaustion, under 42 U.S.C. §1997e(a). That Opinion and Order was based on Sixth Circuit precedent[2] that the Supreme Court subsequently overruled in *Jones v. Bock*.

Although Plaintiff, who is proceeding *pro se*, does not cite a specific legal provision

---

[2]*See, e.g.*, *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).

in support of his motion, he presumably relies on Fed.R.Civ.P. 60(b), which provides for relief from judgment or order.³

While there is no question that *Jones v. Bock* changed the law in the Sixth Circuit regarding exhaustion, post-*Jones* cases in this Court, as well as in the Western District of Michigan, have been consistent in rejecting Rule 60(b) motions. In *Day v. Ahmed*, 2007 WL 2050397 (E.D. Mich. 2007), Judge Tarnow denied a Rule 60(b) motion based on *Jones v. Bock*, stating as follows:

> "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.
>
> It is well established that a change in decisional law is usually not, by itself, an "extraordinary circumstance" meriting Rule 60(b)(6) relief ..... This principle holds even if a law is invalidated on state or federal constitutional grounds. *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001) (citations and internal quotations omitted). This is especially true when a litigant fails to appeal the judgment. *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989) (parties not be able to use Rule 60(b)(6) motion as a substitute for an appeal)."

In *Edwards v. Burnett*, 2007 WL 1768770 (E.D. Mich. 2007), Judge Borman similarly held that "[a] change in precedential law, especially when it is not retroactive, rarely constitutes an "extraordinary circumstance" warranting Rule 60(b)(6) relief." In *Dowdy v. Sodergen*, 2007 WL 2225853 (E.D. Mich. 2007), Judge Steeh denied a Rule 60(b)/*Jones v.*

---

³Neither Rule 59(e) (motions to alter or amend judgment) nor E.D. Mich. L.R. 7.1(g) (motions for rehearing or reconsideration) are applicable, since both of those rules require that the motions be filed within 10 days of entry of the judgment or order.

*Bock* motion on the same grounds, adding, "Because the plaintiff still holds an opportunity to file a new case to pursue his claims against defendant Sodergren, this court finds that exceptional or extraordinary circumstances that are requisites to the grant of this motion are not present." *See also Day v. Ahmed, supra* ("Plaintiffs claims were dismissed without prejudice due to his failure to exhaust available administrative remedies; however, Plaintiff could have re-filed his Complaint in compliance with 42 U.S.C. § 1997e.").

Likewise in *Smith v. Pennell*, 2007 WL 1814664 (W.D. Mich. 2007), Judge Enslen rejected a Rule 60(b) motion, adding that *Jones v. Bock* was not retroactively applicable to cases not pending on direct review at the time of the decision.[4] *See also Stevenson v. Pramstaller*, 2007 WL 844616 (W.D. Mich. 2007)(Enslen, J.).

As in the cases cited above, this Plaintiff did not appeal the dismissal of the Defendants in August of 2006. Moreover, the dismissal was without prejudice, giving the Plaintiff the opportunity to re-file his complaint against those Defendants. Plaintiff has not shown exceptional circumstances justifying relief from judgment under Rule 60(b).

### III. CONCLUSION

Based on the overwhelming authority from this District and the Western District, I

---

[4] Sixth Circuit cases that have vacated district court dismissals pursuant to *Jones v. Bock* were in fact pending on appeal at the time of the Supreme Court's decision. *See e.g., Fisher v. Pramstaller*, 2007 WL 247889 (6th Cir. 2007); *Floyd v. Caruso*, 2007 WL 215645 (6th Cir. 2007).

recommend that Plaintiff's Motion for Relief from Judgment [docket #86] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2008.

                                        S/G. Wilson
                                        Judicial Assistant