UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSHUA COPENHAVER, #240677

        Plaintiff,                    Case No. 05-73286

v.                                District Judge Bernard A. Friedman
                                Magistrate Judge R. Steven Whalen


MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's self-styled "Motion for Emerzgency Injunctive Order"

[Docket #81], in which he seeks to enjoin enforcement of a revised grievance policy of the

Michigan Department of Corrections (MDOC).  For the reasons set forth below, I

recommend that the Plaintiff's motion be DENIED.

## I.   STANDARD OF REVIEW

In determining whether to grant a preliminary injunction or TRO, a court must

examine and weigh four factors: (1) whether the moving party has shown a strong likelihood

of success on the merits; (2) whether the moving party will suffer irreparable harm if the

injunction is not issued; (3) whether the issuance of the injunction would cause substantial

harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6ᵗʰ Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6ᵗʰ Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Injunctive relief is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.; Leary v. Daeschner*, 228 F.3d 729, 739 (6ᵗʰ Cir. 2000). The level of proof required for the Plaintiff to obtain a preliminary injunction or TRO "is much more stringent than the proof required to survive a summary judgment motion." *Id.*

## II. DISCUSSION

Plaintiff asks this Court to enjoin enforcement of a MDOC policy directive, PD 3.02.130 (effective 3-5-07), dealing with the prison grievance procedure.

### A. Likelihood of Success

The Plaintiff's Complaint arises out of allegations that the Defendants violated the Plaintiff's constitutional and statutory right to the free exercise of the Jewish religion by denying him and other Jewish inmates the ability to observe a Passover Seder, Rosh Hashanah and Chanukah. Plaintiff alleges various other incidents of Eighth Amendment violations. Certain Defendants were dismissed without prejudice under 42 U.S.C. 1997e(a), based on Plaintiff's failure to exhaust administrative remedies.

It is very difficult to discern the relationship between the injunctive relief the Plaintiff seeks and the underlying substantive basis of his Complaint. He has been given the opportunity to exhaust his administrative remedies and re-file a complaint as to the dismissed Defendants, and nothing in the revised policy directive prevents him from doing so, nor does he allege that he has been stymied in his ability to grieve those Defendants.

As Defendants point out in their response to this motion [Docket #82], the revised policy directive PD 03.02.130 does not substantially change the policy directive in effect since December 19, 2003, but merely adds explanatory material. For example, the revised policy, effective March 5, 2007, provides that a prisoner may not grieve the content of a policy or procedure except as applied to the grievant; otherwise, facial complaints as to policy are to be directed to the Warden's Forum, as provided in PD 04.01.150. The policy in effect since 1993 contains exactly the same provisions. So it is with the other policy revisions of PD 03.02.130. *See Defendant's Response*, pp. 2-4.

Departments of Corrections are accorded considerable latitude in the administration of state prisons. In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97

S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators." Moreover, in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), the Supreme Court held that absent a clear showing of a constitutional violation, prison regulations may infringe on a prisoner's rights as long as they are rationally related to a legitimate penological concern. *See also Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). "[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped." *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir.2003).

In attempting to answer the *Turner v. Safely* concern, Plaintiff sets forth nothing more than vague, general, and rambling citations of authority that simply do not address, in any specific or concrete manner, why this revised policy directive–which is substantially similar to one that has been in effect since 1993–impermissibly affects any constitutional right, or why this Court should micro-manage the MDOC's grievance procedures. In short, Plaintiff has set forth no convincing basis to believe that he would prevail on the merits.

## B. Irreparable Harm

The portions of the policy directive to which Plaintiff objects deal with the grievability of policies themselves, minor misconduct grievances, and grievances as to the

disposition of prisoner property. None of those matters affects Petitioner's pending case, or his ability to exhaust his administrative remedies as to the Defendants that have been dismissed.[1] Plaintiff again makes vague, general assertions regarding deprivation of First Amendment rights, but fails to explain how his First Amendment rights have been violated. He has not shown, beyond speculation and conjecture, that he will suffer irreparable harm if this Court does not enjoin the enforcement of the policy directive. "Injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur." *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

## C. Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner grievances. The public has an interest in having a well-regulated and operated prison system. By granting injunctive relief in this case, the Court would be in the untenable position of second-guessing and countermanding Defendant's legitimate prison policies.

## III. CONCLUSION

I therefore recommend that Plaintiff's Motion for Emergency Injunctive Order [Docket #81] be DENIED.

---

[1]Under §1997e(a), an inmate must exhaust *available* administrative remedies. In fact, if a particular defendant's actions are not "grievable" under the MDOC policy directive, that is, if there is no available administrative remedy, then, under §1997e(a), a plaintiff is not required to exhaust.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *and Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2008

CERTIFICATE OF SERVICE

-6-

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2008.


S/G. Wilson
Judicial Assistant